Ryan Lee (SBN: 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-861-1390
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
Jill Ryan

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Jill Ryan, | **Case No.:** |
| Plaintiff, | |
| v. | |
| | **COMPLAINT** |
| GC Services, LP, | |
| Defendant. | |

## PLAINTIFF'S COMPLAINT

Plaintiff, Jill Ryan ("Plaintiff"), through her attorneys, Krohn & Moss, Ltd., alleges the following against Defendant, GC Services, LP ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the State of Arizona establishing personal jurisdiction.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

- 1 -

## PARTIES

5.  Plaintiff is a natural person residing in Scottsdale, Maricopa County, Arizona.

6.  Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

7.  Defendant is a business entity with an office located at 6330 Gulfton St., Houston, Texas 77081.

8.  Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

9.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Defendant contacts Plaintiff attempting to collect an alleged debt.

11. The alleged debt arises from transactions on a Citibank card that were for personal, family and/or household purposes.

12. In or around December 2012 through January 2013, Defendant started placing telephone calls to Plaintiff at her place of residence, (480) 443-07xx, in its attempts to collect a debt from Plaintiff.

13. On January 11, 2013, when Plaintiff was not able to answer Defendant's collection call, Defendant left a voice message for Plaintiff. *See* transcribed voice message, attached hereto as Exhibit A.

14. Defendant addresses its message to Plaintiff, and asks Plaintiff to call back to (800) 817-5539, which is a telephone number that belongs to Defendant. *See* Exhibit A.

- 2 -

15. However, Defendant never identified its business name in its message.   *See* Exhibit A.

16. Defendant also failed to inform Plaintiff that it is a debt collector in its message. *See* Exhibit A.

17. Defendant does not provide Plaintiff with any additional information in its message to inform Plaintiff that the true nature and purpose of its call was about a debt.  *See* Exhibit A.

18. In January of 2013, when Plaintiff was not able to answer Defendant's subsequent collection call, Defendant left a voice message for Plaintiff.  *See* transcribed voice message, attached hereto as Exhibit A.

19. Defendant addresses its message to Plaintiff, and asks Plaintiff to call back to (800) 817-5539, which is a telephone number that belongs to Defendant.  *See* Exhibit B.

20. However, Defendant never identified its business name in its message.   *See* Exhibit B.

21. Defendant also failed to inform Plaintiff that it is a debt collector in its message. *See* Exhibit B.

22. Defendant does not provide Plaintiff with any additional information in its message to inform Plaintiff that the true nature and purpose of its call was about a debt.  *See* Exhibit B.

23. Defendant uses deceptive and misleading methods in connection with its attempts to collect the alleged debt by not identifying itself, the purpose of its phone calls, or that it is a debt collector.

//

//

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

24. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

    b. Defendant violated § 1692d(6) of the FDCPA by not disclosing its identity in its voicemail message to Plaintiff.

    c. Defendant violated §1692e of the FDCPA by using false, deceptive or misleading representation with the collection of the debt

    d. Defendant violated § 1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt.

    e. Defendant violated § 1692e(11) of the FDCPA by failing to state that it is a debt collector in its message to Plaintiff.

WHEREFORE, Plaintiff, Jill Ryan, respectfully requests judgment be entered against Defendant, GC Services, LP, for the following:

25. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

26. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

27. Any other relief that this Honorable Court deems appropriate.

//

//

//

//

- 4 -

DATED:  September 12, 2013          RESPECTFULLY SUBMITTED,

KROHN & MOSS, LTD.


By:  /s/ Ryan Lee

Ryan Lee
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT